**Harold AGELOFF and Carol M. Ageloff, as Personal Representatives of the Estate of Scott Alan Ageloff, Deceased, Plaintiffs–Appellees,**

v.

**DELTA AIRLINES, INC., Defendant–Appellant.**

No. 86–6022.

United States Court of Appeals, Eleventh Circuit.

June 4, 1990.

James A. Dillian, Barwick & Dillian, P.A., Lyndall M. Lambert, Howard E. Barwick, Thomas E. Ice, Miami Shores, Fla., for defendant-appellant.

Edna L. Caruso, Robert M. Montgomery, Jr., Montgomery & Larmoyeux, West Palm Beach, Fla., for plaintiffs-appellees.

Before VANCE * and ANDERSON, Circuit Judges, and BROWN**, Senior Circuit Judge.

PER CURIAM:

The circumstances of this case are set out in full in *Ageloff v. Delta Airlines, Inc.*, 860 F.2d 379 (11th Cir.1988). The basic questions of Florida law were certified to the Supreme Court of Florida in *Ageloff v. Delta Airlines, Inc.*, 867 F.2d 1268 (11th Cir.1989). The Supreme Court of Florida has answered the certified questions in *Delta Air Lines, Inc. v. Ageloff*, 552 So.2d 1089 (Fla.1989).

In our opinion published at 860 F.2d 379, we rejected several claims asserted by appellant Delta Airlines, thus affirming the district court in part. We reversed the district court's allowance of expert witness fees in excess of the statutory amount. *Id.*

at 390. We certified the major questions and deferred ruling on subsidiary evidentiary issues. *Id.* at 389. The Supreme Court of Florida resolved the certified issues in favor of appellees and against Delta Airlines, Inc. 552 So.2d 1089. In light of the decision of the Supreme Court of Florida, the subsidiary evidentiary issues previously deferred are due to be resolved in favor of appellees and against Delta Airlines, Inc.

Accordingly, the judgment of the district court is reversed to the extent that expert witness fees were allowed in excess of the statutory amount, but is affirmed in all other respects.

AFFIRMED IN PART.

REVERSED IN PART.

---

* Judge Robert S. Vance was a member of the panel assigned to this case, but due to his death on December 16, 1989, did not participate in this decision. This case is decided by a quorum. *See* 28 U.S.C. § 46(d).

** Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.